**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT FRANKFORT**

**CIVIL ACTION NO. 19-84-DLB**

**DAVID LEE BLAIR**                                                                    **PLAINTIFF**


**v.**                          **MEMORANDUM OPINION and ORDER**


**LADONNA THOMPSON, et al.**                                          **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

## I.      INTRODUCTION

David Lee Blair is an inmate confined at the Roederer Correctional Complex in LaGrange, Kentucky.  Blair has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1).  The Court conducts an initial review of the Complaint pursuant to 28 U.S.C. § 1915A.   During this review, the Court accepts all non-conclusory factual allegations as true and liberally construes the Plaintiff's legal claims in his favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).   However, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In August 2009 Blair was confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky.  (Doc. # 1 at 2, 4).  Blair was employed by Prison Industries, and his job required him to grind up digital video discs and compact discs.  (Doc. # 1-1 at 8). According to Blair, the room was poorly ventilated.   (*Id.*).   Blair complained to his

supervisors, Pennington and Butts, that the dust created from the grinding was floating in the room like a fog and that he was getting ground up glass in his lungs.  (*Id.*).  Blair states that he was told by Butts, Pennington, and Kentucky Department of Corrections Commissioner LaDonna Thompson that the prison could not afford to install a ventilation system in the room.  (Docs. # 1 at 2 and 1-1 at 8).

At some point in 2016, Blair started coughing up blood every morning.  (Doc. # 1 at 2).  Following a medical examination, an X-ray was taken that showed a lump on his lower left lung.  (*Id.*).  But according to Blair, "medical never done anything about it."  (*Id.*).  Blair continued to cough up blood for several years.  (Doc. # 1-1 at 8).  According to Blair, a CAT scan taken in March 2019 showed that there was ground up glass in his left lung.  (*Id.* at 3).  Blair indicates that he still has not received any medical treatment for his condition.  (Docs. # 1 at 3 and 1-1 at 8).

In March 2019, Blair filed an inmate grievance describing the events in 2009 and requesting adequate care for his current medical needs.  (Doc. # 1-1 at 8).  The response from the prison indicated that medical testing and care was ongoing.  (Doc. #1-1 at 7-9).  Blair appealed, but the Health Care Grievance Committee concurred, noting that Blair was receiving testing and treatment for his conditions.  (*Id*. at 5-6).  Blair states that he appealed to the Commissioner on April 19, 2019.  (Doc. # 1 at 5).  But that is the same date the Grievance Committee issued its response, which was not received at the prison where Blair was housed until three days later.  (Doc. # 1-1 at 6).  Notably, the same form does not indicate that Blair appealed to the KDOC's Medical Administrator in Frankfort, nor is there any response to such an appeal.  (*See id*.).

In his Complaint, Blair names as defendants Plant Managers Pennington and Butts, Commissioner Thompson, as well as Prison Industries supervisor Fread Sigurman and nurse practitioner Tyara Hughes.   (Doc. # 1 at 1-2).   Blair contends that the defendants violated his rights under the Eighth Amendment.   For relief, Blair seeks monetary damages and "medical parole."  (*Id.* at 4, 6).

The Court has thoroughly reviewed Blair's Complaint and the documents he has filed in support of it, but concludes that the Complaint must be dismissed for several reasons.

## III.   ANALYSIS

First, to the extent Blair seeks damages against Pennington, Butts, Commissioner Thompson, and Sigurman related to poor ventilation when performing his prison job in 2009, those claims are barred by the statute of limitations.  The Court may dismiss a claim self-evidently barred by the applicable limitations period upon initial screening.  *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate.").  Because § 1983 does not provide its own statutory limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred.  *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985).  The events about which Blair complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations

for asserting personal injuries applies.  Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013).

A claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims.  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired.  *Highland Park Ass'n of Businesses & Enters. v. Abramson*, 91 F.3d 143, 1996 WL 382252, at *3 (6th Cir. 1996) (per curiam) (unpublished table decision) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir. 1975)).  *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007). Blair's claims accrued in 2009 when he was exposed to the excessive dust at his prison job and actively complained about it at that time, and certainly no later than 2016 when he began to cough blood persistently and sought medical attention.  Because Blair did not file suit regarding these matters until December 2019, his claims are time-barred and will be dismissed with prejudice.

Blair also names nurse practitioner Tyara Hughes as a defendant (Doc. # 1 at 1-2), but he makes no allegations against her at all in his Complaint.  At best, Hughes is mentioned in passing in one of Blair's grievances (Doc. # 1-1 at 8), but he again does not allege wrongdoing.  Blair's Complaint fails to adequately allege a claim against Hughes. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to adequately state a claim a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face."); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  The claims against Hughes will therefore be dismissed without prejudice.

Finally, Blair does not allege in his Complaint that the medical care he has received is constitutionally deficient, although his grievances suggest dissatisfaction with the care provided.  The Court will not infer such a claim given the absence of any allegations in the Complaint to support it, but notes two things should Blair wish to assert such a claim in a separate case in the future.  First, to state a viable claim under the Eighth Amendment, it is not enough for an inmate to express disagreement with the care provided or claim ordinary negligence.  Instead, he must allege sufficient facts to show that prison officials were actually aware of a substantial risk of serious harm to the prisoner and consciously disregarded that risk.  *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).  Nothing in Blair's present Complaint would suggest the existence of such a claim.  Second, before filing suit a Kentucky inmate must fully and properly exhaust administrative remedies.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  While Blair filed a grievance, it does not appear that he filed a final appeal to the Medical Administrator in Frankfort.  This is required by Kentucky Department of Corrections Policy and Procedure 14.6(II)(K), and hence would be required to properly exhaust administrative remedies.

For each of these reasons, the Court will dismiss Blair's present Complaint.  With his Complaint, Blair also filed a certified statement of inmate account.  (Doc. # 2).  This document is ordinarily filed in support of a motion to proceed *in forma pauperis*, but Blair did not file such a motion or pay the $400.00 filing fee.  Technically Blair became liable for payment of the filing fee when he filed his Complaint, and its dismissal does not negate

his responsibility to pay the fee.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  But the Court concludes that a more forgiving approach is to defer any assessment or collection of the filing fee.  If Blair does choose to exhaust his administrative remedies regarding his concerns about his medical care and files an entirely new complaint asserting claims arising from that care, he will be obligated to pay a filing fee at that time.  *See Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

Accordingly, it is **ORDERED** as follows:

(1)   Blair's claims against Charles Pennington, James Butts, LaDonna Thompson and Fread Sigurman are **DISMISSED WITH PREJUDICE**;

(2)   Blair's claims against Tyara Hughes are **DISMISSED WITHOUT PREJUDICE**;

(3)   Blair's Complaint (Doc. # 1) is **DISMISSED**;

(4)   This action is **STRICKEN** from the Court's docket.

This 22nd day of September, 2020.



Signed By:

*David L. Bunning*  DB

**United States District Judge**

K:\DATA\ORDERS\PSO Orders\3-19-84 MOO Dismissing Complaint.docx